IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Aaron Smith,<br>Petitioner, | )<br>)<br>) | |
| v. | )<br>) | 1:10v1191 (GBL/IDD) |
| Director, Department of Corrections,<br>Respondent. | )<br>)<br>) | |

MEMORANDUM OPINION

This Matter is before the Court on respondent's Motion to Dismiss this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed pro se by Aaron Smith, an inmate currently confined in Virginia. Petitioner challenges the validity of his conviction of rape, abduction, and forcible sodomy following a bench trial in the Circuit Court of Prince William County, Virginia. For the reasons that follow, respondent's Motion to Dismiss will be granted, and Smith's petition will be dismissed.

I. Background

Following a bench trial, Watson was found guilty of rape, abduction, and forcible sodomy. Commonwealth v. Smith, R. Nos. CR05063808-00, CR05063809-00, and CR05063810-00 (Va. Cir. Ct. Aug. 1, 2006). On January 18, 2007, the court sentenced petitioner to life in prison with all but eight years suspended on the rape conviction, ten years with nine years suspended on the abduction conviction, and life with all but eight years suspended on the forcible sodomy conviction, resulting in a total active sentence of seventeen years. Id. The per curiam opinion issued by the Court of Appeals of Virginia denying Smith's petition for appeal on direct review reflects the following underlying facts:

> "[T]he evidence proved that on October 6, 2006, appellant called April Tunstall's residence to offer her parents a loan. Appellant and Tunstall conversed over the next several days, and Tunstall agreed to meet appellant at a nearby restaurant. The two of them discussed the terms of the loan, and appellant indicated the money was in his car. Tunstall drove appellant to his vehicle, and appellant then requested sex. When Tunstall refused, appellant stated he would not give her the money. Tunstall left the scene but spoke with appellant again the following day. They met again on the evening of October 11 at the same location. Appellant entered Tunstall's car and threatened to hurt her as he held his hand in his pocket. Tunstall stated she believed he had a weapon in his pocket. She testified appellant ordered her to partially undress and then inserted his penis into her vagina.
>
> When Tunstall stated she needed to use the bathroom, appellant refused to let her leave the car. He held her arm as she leaned out to urinate. Appellant then ordered her to perform oral sex upon him before he left her car. Afterwards, Tunstall left the scene in her vehicle and called her father on the way home. She did not initially report the rape and instead asserted she had been robbed and threatened.
>
> Appellant admitted the sexual contact but claimed it was entirely consensual.

Smith v. Commonwealth, R. No. 0434-07-4 (Va. Ct. App. Sept. 12, 2007)

Smith pursued a direct appeal, arguing the evidence was insufficient to support his convictions for rape, abduction, and forcible sodomy. The Court of Appeals of Virginia denied the petition for appeal in a per curiam opinion on September 12, 2007. Id. On November 6, 2008, the Supreme Court of Virginia refused Smith's petition for further appeal. Smith v. Commonwealth, R. No. 080916. (Va. Nov. 6, 2008).

Watson then pursued an application for habeas corpus relief in the Prince William County Circuit Court, raising the following claims:

> (1) Exculpatory Evidence.[1]
>
> (2) The accuser changed her original story from the motion of discovery
>
> (3) The accuser admits at the preliminary hearing under oath that she as lying to her parents when my lawyer asks her under oath.

State Pet. at ¶ 14, Smith v. Commonwealth, R. No. CL0900609-00 (Va. Cir. Ct. Feb. 19, 2010). The Prince William County Circuit Court denied and dismissed the petition on February 19, 2010. Id. The Court first noted that petitioner could have raised all his current claims at trial or on appeal. To the extent that he failed to do so, his claims were barred by Slayton v. Parrigan, which held that "a prisoner is not entitled to use habeas corpus to circumvent the trial and appellate process for an inquiry into an alleged non-jurisdictional defect of a judgment or conviction." 215 Va. 27, 30 (1974). Further, to the extent petitioner did raise his current claims at trial or on direct appeal, the circuit court held that his claims were barred by Henry v. Watson, which held that "non-jurisdictional issues raised and decided either in the trial *or* on direct appeal from criminal conviction will not be considered in a habeas proceeding. 265 Va. 246, 248-49 (2003). Petitioner appealed the judgment of the circuit court to the Supreme Court of Virginia, which refused the petition on July 23, 2010 and denied the petition for rehearing on September

---

[1] In explaining this ground in the attachment to his state habeas petition, petitioner referenced phone records showing numerous telephone conversations between himself and the victim, a letter the victim allegedly wrote stating the oral sex was voluntary, a statement by the victim admitting the she lied to her parents when said she was robbed, and the victim's admission that she never mentioned rape until she was threatened by the police with jail-time for a false complaint

22, 2010. Smith v. Commonwealth, R. No. 100342 (Va. 2010).

Petitioner then filed the instant federal petition, essentially challenging the sufficiency of the evidence used to support his conviction. Specifically, petitioner's claims reads: "[t]rial transcripts and phone bills prove that there was consent from the Commonwealth's witness." As supporting facts for his claim, petitioner wrote:

> Commonwealth v. Culbreath, 19 Cir. 88103, 36 Va. 188 (1995). The law in "Virginia" and in most states is that no rape occurs when a person impersonates another in order to obtain the victim's consent to sexual intercourse. (LAW) Courts are not required to believe that which is contrary to human experience and the laws of nature, or which they judicially know to be incredible. It is beyond human experience and the laws of nature for a victim to volunteer or ask her attacker for more intercourse than he pursued, neither is it normal for a victim to answer two to three phone calls from her attacker after the incident and telling the attacker where she was located at. It is contrary for someone that has been raped.

Pet. at 5.

On February April 28, 2011, respondent filed a Rule 5 Answer and a Motion to Dismiss Smith's petition, along with a supporting brief. Smith filed a reply on May 3, 2011. Accordingly, this matter is now ripe for review.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a

state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id, at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Analysis

In his first claim, Smith contends that the evidence was insufficient to sustain his conviction of rape because the victim's denial that she consented to the sexual acts was not credible. As evidence of this, petitioner states that trial transcripts and phone bills prove the victim consented because answering phone calls from an alleged attacker is "contrary for someone that has been raped." When Smith attacked the credibility of the victim on his direct appeal, the Court of Appeals of Virginia found the evidence presented at trial was sufficient to support the conviction, explaining:

> "Because sexual offenses are typically clandestine
> in nature, seldom involving witnesses to the offense

> except the perpetrator and the victim, a requirement of corroboration would result in most sex offenses going unpunished." Garland v. Commonwealth, 8 Va. App. 189, 191, 379 S.E.2d 146, 147 (1989). Thus, "convictions for sodomy and other sexual offenses may be sustained solely upon the testimony of the victim without corroboration." Corvin v. Commonwealth, 13 Va. App. 296, 299, 411 S.E.2d. 235, 237 (1991). It is the responsibility of the fact finder to determine what effect, if any, the victim's delay in reporting sexual crimes has on her credibility. See Love v. Commonwealth, 18 Va. App. 84, 90, 441 S.E.2d. 709, 713 (1994).
>
> The trial court believed the Commonwealth's evidence and rejected appellant's version of the events. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Although Tunstall provided inconsistent accounts of the encounter with appellant, her trial testimony was corroborated in part by other witness testimony and physical evidence. We find no error with the trial court's credibility determination.

Smith v. Commonwealth, R. No. 0434-07-4. The foregoing determination, which was the last reasoned state court decision, is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state

courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

In evaluating the sufficiency of the evidence to support a conviction, it is not the role of a federal court to review the credibility of witnesses. United States v. Hobbs, 136 F.3d 384, 391 n.11 (4th Cir. 1998); United States v. Reavis, 48 F.3d 763, 771 (4th Cir. 1995); United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Instead, the federal court is bound by credibility determinations made by the state court trier of fact. United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983). In this case, most if not all of petitioner's argument regarding the cognizable portion of his claim is no more than an invitation to this Court to re-weigh the evidence in a manner more favorable to him, a course of action which plainly is prohibited by the foregoing authorities. As Smith has failed to satisfy his burden of showing that the rejection of his claim by the Virginia Court of Appeals was either an unreasonable determination of the facts or an unreasonable application of federal law, that result must be allowed to stand. Williams, 529 U.S. at 412-13. Accordingly, this petition must be dismissed.

## V. Conclusion

For the above-stated reasons, the respondent's Motion to Dismiss will be granted, and this petition will be dismissed. An appropriate Order shall issue.

Entered this ___7th___ day of __November_____ 2011.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge